Dear Ms. Bourgoyne:
Your request for an Attorney General's opinion has been assigned to me for research and reply. You outline the factual matter upon which you request an opinion, which we summarize as follows:
 On October 8, 2002, you received an assessment certificate on a couple stating that a homestead exemption was filed on the property they own in East Baton Rouge Parish.
 On October 9, 2002 a challenge to their voter registration was issued notifying them that they have 21 days to appear in the office of the Registrar of Voters to show cause why their voter registration in Iberville Parish should not be cancelled.
 On October 28, 2002 the man appeared in the Registrar of Voter's Office to vote absentee in person. At this time, the 21-day period had not expired.
 On October 31, 2002, the 21-day period expired and the registration of the couple was cancelled.
 On October 31, 2002 an elector appeared in the Registrar of Voter's Office to file a Prefiled Challenge to an Absentee Ballot in regard to the ballot cast by the man on the grounds that he was not qualified to vote in the November 5, 2002 election.
 At that time, you contacted the East Baton Rouge Assessor's Office to confirm the homestead exemption. You were advised by the Assessor's Office that the exemption had been removed October 10, 2002.
Therefore, you seek an opinion on the following questions:
 1. Should the prefiled challenge to the man's absentee ballot in the above referenced factual matter still be presented to the board election night to determine it's validity?
 2. Should the registration of the couple in the above referenced factual matter be reinstated even though they did not show cause why their registration should not be cancelled within the 21-day period?
 3. Should the name of the woman be stricken from the precinct register and she not be allowed to vote on Election Day?
 4. Should the woman be allowed to vote if on election day she presents information indicating that she does not claim homestead exemption in East Baton Rouge Parish?
In response to your first question, you have a ministerial duty to present the prefiled challenge of any and all absentee ballots filed with your office to the parish board of election supervisors where absentee ballots will be counted and tabulated on Election Day. R.S. 18:1315
provides in pertinent part:
 A.(3) Within twenty-four hours after the challenge has been filed, the registrar shall mail a copy of the challenge to the voter whose absentee ballot is being challenged at the address shown on the registrar's roll of electors. The registrar shall retain the original challenge form and shall transmit it to the place where the absentee ballot will be counted and tabulated for the use of the board on Election Day. (Emphasis added).
In response to your second question, you have no authority under law to reinstate the registration of the persons at issue if they did not appear as required by law to show cause why their registrations should not be cancelled. R.S. 18:193 provides in pertinent part:
 G.(3) If the registrant fails to appear within the required twenty-one days, the registrar shall cancel his name from the list of eligible voters. If the registrant appears and shows cause within the twenty-one days, the registrar shall not cancel the registration. (Emphasis added).
In response to your third question, a "[p]erson whose registration has been canceled shall not be permitted to vote except upon a new registration made in accordance with this Chapter." R.S. 18:199. Thus, it is our opinion that the precinct register for the upcoming election should reflect the cancellation of this registration.
In response to your fourth question, R.S. 18:199 prohibits the person at issue from voting. It was her duty to appear in your office prior to the expiration of the 21-day period to show cause why she should not be cancelled from the voter registration rolls, and she can not now appear at the polls to show cause.
If you have further questions regarding this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: November 4, 2002